UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEISHA C.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C19-1876-MLP

ORDER

## I.      INTRODUCTION

Plaintiff seeks review of the denial of her application for a period of disability, disability insurance benefits, and supplemental security income. Plaintiff contends the administrative law judge ("ALJ") erroneously rejected medical evidence and, consequently, rendered a Residual Functional Capacity ("RFC") that failed to account for all assessed limitations. (Dkt. # 16.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.      BACKGROUND

Plaintiff was born in 1977 and previously worked as an administrative assistant and data entry operator. AR at 28. Plaintiff applied for benefits in June 2016, alleging disability as of June 6, 2016. *Id.* at 15. Plaintiff's application was denied initially and on reconsideration. The ALJ

ORDER - 1

held a hearing in March 2018, taking testimony from Plaintiff and a vocational expert. *See id.* at 35-62. In October 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-34. In relevant part, the ALJ found Plaintiff's severe impairments of cardiomyopathy, asthma, obstructive sleep apnea, borderline personality disorder, affective disorder, anxiety disorder, and alcohol/substance addiction disorder limited her to light work subject to a series of further limitations. *Id.* at 18, 20. Based on vocational expert testimony the ALJ found Plaintiff could perform light jobs found in significant numbers in the national economy. *Id.* at 29. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.  The ALJ Erred in Evaluating the Medical Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Plaintiff argues the ALJ misevaluated three medical opinions.

*1.    The ALJ Erred by Discounting the Opinion of Examining Psychiatrist Kathleen Anderson, M.D.*

Dr. Anderson examined Plaintiff on September 15, 2016, and opined Plaintiff had "moderate to more markedly" limitations focusing, persisting at and timely completing tasks, and tolerating stress, and "likely" impaired judgment, "[a]t least in interpersonal situations." AR at 26. The ALJ gave Dr. Anderson's opinion "some weight," finding it "consistent with medically acceptable clinical and laboratory diagnostic technique and with other substantial evidence of record." *Id.* The ALJ found that Dr. Anderson's assessed "social limitations" are "consistent with the claimant's history of anxiety and anger." *Id.*

Plaintiff argues the ALJ harmfully erred by failing to adopt Dr. Anderson's assessed marked limitations, or alternatively, by failing to specify which limitations received "some weight." (Dkt. # 16 at 5-6.) While explicit about Dr. Anderson's assessed "social limitations," the ALJ did not address the balance of Dr. Anderson's assessed limitations. Because the ALJ failed to provide specific and legitimate reasons to reject Dr. Anderson's assessed moderate and

marked limitations regarding Plaintiff's functioning, the Court finds the ALJ committed harmful

error in weighing Dr. Anderson's opinion and determining Plaintiff's RFC. *See* SSR 96-8p, 1996

WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a

medical source, the adjudicator must explain why the opinion was not adopted.").

> 2.    *The ALJ Erred by Discounting the Opinion of Examining Psychologist*
>        *Alex Crampton, Psy.D.*

Dr. Crampton examined Plaintiff on June 2, 2017, and opined Plaintiff had "marked

limitations performing activities within a schedule, maintaining regular attendance, and being

punctual within customary tolerances without special supervision, adapting to changes in routine

work setting, communicating or performing effectively in a work setting, maintaining

appropriate behavior in a work setting, completing a normal workday or week without

interruptions from psychologically based symptoms, and setting realistic goals and plan[ning]

independently." AR at 25. The ALJ rejected these limitations as inconsistent with "the evidence"

and "based in large part on claimant's subjective statements." *Id.* The ALJ found Plaintiff had

"normal memory and good judgment and insight"; that she was "consistently well groomed,

pleasant, and cooperative"; and that she "had no cognitive impairments." *Id.*

The ALJ erred by failing to offer a "legitimate stated reason" for rejecting Dr.

Crampton's opinion. *Trevizo v. Berryhill*, 871 F.3d 664, 677 (9th Cir. 2017). First, the ALJ's

finding that "the evidence" is inconsistent with Dr. Crampton's assessed marked limitations is

not supported by substantial evidence. That Plaintiff was "consistently well groomed" does not

establish and bears no relationship with her ability to complete a normal workday. Next, the

ALJ's finding that Dr. Crampton's opinion was "based in large part on claimant's subjective

statements" is similarly not supported by substantial evidence. The record indicates Dr.

Crampton relied on more than just Plaintiff's self-report, administering a mental status

examination and assessing the results of Rey-15, HAM-A, and HAM-D tests. AR at 841-42. The Court accordingly concludes the ALJ erred in discounting Dr. Crampton's opinion.

3.    *The ALJ Erred by Discounting the Opinion of Treating Physician Assistant Linda Wilson, PA-C.*

PA Wilson, Plaintiff's primary care provider, began treating Plaintiff on April 20, 2016, and completed a questionnaire on June 3, 2017. AR 23, 836-37. PA Wilson noted Plaintiff's "physical, mental and emotional issues." *Id*. at 23. The ALJ gave "some but limited weight" to Wilson's opinion that Plaintiff was "severely limited and unable to lift at least two pounds or unable to sit and stand." *Id*. The ALJ found this to be an "extreme limitation" that "conflicts with actual activities and medical evidence," pointing to Plaintiff's care of her children, household and personal activities (*i.e.*, doing laundry, cleaning, ironing, preparing meals, and shopping), normal gait, and healthy appearance. *Id*.

Plaintiff first argues the ALJ erred by improperly relying on her childcare and household and personal activities as inconsistent with PA Wilson's opinion. (Dkt. # 16 at 11-12.) The ALJ's finding that Plaintiff "had been able to care for" her children is not, in this context, a valid reason to discount PA Wilson's opinion. *See Trevizo*, 871 F.3d at 676 ("[T]he record provides no details as to what Trevizo's regular childcare activities involved. The ALJ did not develop a record regarding the extent to which and the frequency with which Trevizo picked up the children, played with them, bathed them, ran after them, or did any other tasks that might undermine her claimed limitations[.]"). Moreover, the record indicates that Plaintiff's children help her with other activities the ALJ relies upon as inconsistent. *See* AR at 247 (indicating Plaintiff's children remind her to take medication and help her with housework); *id.* 249 (indicating Plaintiff's children accompany her to Safeway, where she shops for groceries, because she is "scared I'll

ORDER - 5

forget or pass out"). The ALJ's finding that PA Wilson's opinion is inconsistent with Plaintiff's activities is accordingly not supported by substantial evidence.

Plaintiff next argues the ALJ erred in finding PA Wilson's opinion inconsistent with medical evidence. Substantial evidence does not support the ALJ's finding. The Court finds that ALJ's reliance on Plaintiff's gait and healthy appearance as contradictory of PA Wilson's assessed impairments regarding Plaintiff's ability to lift and sit/stand is not supported by substantial evidence and not reasonably related to one another. The Court accordingly concludes the ALJ erred in discounting PA Wilson's opinion.

## V.      CONCLUSION

Because the ALJ erroneously evaluated the medical evidence and formulated an erroneous RFC that failed to account for all assessed limitations, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Anderson, Dr. Crampton, and PA Wilson, develop the record and redetermine Plaintiff's RFC as necessary, and proceed to the remaining steps as appropriate.

Dated this 10th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge